THE BANK OF GREENSBORO' *v.* THE COMMISSIONERS of the CITY OF GREENSBORO'.

Under the charter of the city of Greensboro', the Commissioners thereof have the power to tax the stock of the Bank of Greensboro'.

(*Wilson* v. *City of Charlotte*, at this term, cited and approved.)

This was a "CONTROVERSY submitted without action," and decided by his Honor, Judge *Kerr*, at Chambers, in the county of GUILFORD, — day of January, 1876, upon the following,

CASE AGREED:

" Of the ordinances passed by the Commissioners of the city of Greensboro', there is one for defraying the current expenses of the corporation, for the years 1875 and '76, to-wit:

' On all personal property, taxed at this time by the State,

within the corporate limits of the city, included under the name of personal property, money, credits, bonds, stocks, &c., on each one hundred dollars value, seventy-five cents (75 cts.)'

The Bank of Greensboro' returned to the Township Trustees for assessment, the capital stock of said bank, for which certificates had been issued to the different shareholders, to the amount of forty seven thousand dollars ($47,000), upon which a tax had been levied for county and State purposes. The Commissioners of the city of Greensboro', in pursuance of their charter, made out a list of taxes for collection, and included therein the said stock of the bank, to the amount of forty-seven thousand dollars ($47,000), and directed the city collector to collect the tax on the same.

The Bank of Greensboro' contends that under the charter of the city of Greensboro', the Commissioners have not the power to collect taxes on bank stock, investments, &c.

On the other hand, the Commissioners contend that they have the power to tax bank stock, as well as all other investments, under their charter.

It is conceded, that the taxes have been demanded by the city tax collector, and payment thereof refused by the said Bank of Greensboro'. And it is agreed by and between the parties to this suit, to submit the matter in controversy between them for the decision of the court; and should the court be of opinion with the defendant, then judgment shall be entered up against the plaintiff for the taxes due upon the said sum of forty-seven thousand dollars ($47,000.)

Should the opinion of the court be otherwise, then judgment to be given in favor of the plaintiff."

His Honor being of opinion with the plaintiff, gave judgment accordingly, whereupon the defendant appealed.

*Staples*, for the appellants, submitted:

Does section 45, of the charter of the city of Greensboro'

confer upon the defendants authority to tax the capital stock of banks, solvent credits, &c. ?

The court will carry out the intention of the Legislature, if, by a *reasonable* and *fair* construction of the language used, they can consistently do so. To ascertain fully what the meaning of the clause, " On all real and personal property whatever, which may at the same time be subject to taxation by the State," &c., used in the charter, reference should be had to the subjects of taxation specifically set out in the act of the Legislature to " Raise Revenue," and also the act to provide for collection of taxes.    See  Public Laws, 1874–'75, chapters 184 and 185.

Money, solvent credits, bonds, and the capital stock of National, State and *private* banks are " subjects of taxation" under the State law.   See sub-divisions 4, 5, 6, sec. 9, chap. 184, Pub. Laws, 1874–'75, p. 216.

If the charter authorizes the defendants to collect taxes upon stocks, bonds, solvent credits, &c., the act is constitutional.   *Pullen* v. *Commissioners of Raleigh*, 68 N. C. Rep., 451.

The power depends upon the charter.   *Ibid.*

It is admitted that a reasonable and fair construction of the charter, taking in consideration therewith the reference made to the specific description contained in the State law, would warrant the court in declaring that the language used in the charter was intended to confer, and does confer upon the defendants the authority claimed.

*Dillard & Gilmer*, contra.

RODMAN, J.   Section 43 of the charter of the city of Greensboro' authorizes the city government to annually levy and collect the following taxes :   " On all real and personal property whatever which may at the same time be subject to taxation by the State, an *ad valorem* tax not exceeding 25 cents on the $100 valuation."   This limit was afterwards extended

by the act of 1874–'75, chap. 184. The charter of the bank requires it to give in its stock for taxation. So that if the stock but for this provision would be taxable against the owners, it is taxable against the bank. The opinion delivered at this term in *Wilson* v. *City of Charlotte*, declares that stock in a bank is taxable as property. This being the only question made in the case, our opinion is that the judgment be reversed and judgment be given that defendant recover of plaintiff according to the case agreed.

PER CURIAM. Judgment reversed. and judgment that defendant recover of plaintiff according to case agreed.